

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

JOSHUA PERRY860-808-5372
SOLICITOR GENERALJoshua.perry@ct.gov

March 11, 2024

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    Fed. R. App. P. 28(j) letter in No. 23-1162,
                *National Association for Gun Rights, Toni Theresa Spera Flanigan v.*
                *Ned Lamont et al.*

Dear Ms. Wolfe,

     Defendants-appellees advise this Court of *Ocean State Tactical v. Rhode Island*, No. 23-1072 (1st Cir. Mar. 7, 2024). A unanimous panel affirmed the denial of an injunction against Rhode Island's prohibition on large-capacity magazines holding more than ten rounds of ammunition. That prohibition is substantively identical to the Connecticut restriction that the District Court declined to enjoin here. Def. Br. 11-12. Assuming without deciding that LCMs are "arms," the First Circuit held that the challengers were unlikely to succeed on the merits because "[a]pplying *Bruen*'s metrics, our analogical reasoning very likely places LCMs well within the realm of devices that have historically been prohibited once their danger became manifest." No. 23-1072, p. 10, 23; Def. Br. 50-69.

     *Ocean State Tactical's* reasoning is persuasive and relevant on several substantive and methodological questions:

- The First Circuit deployed the more flexible and "nuanced" reasoning appropriate for "unprecedented societal concerns," since LCM technology and the tragedy of mass shootings were unknown at the Founding. No. 23-1073, pp. 8-11.

- Like this Court in *Antonyuk v. Chiumento,* the First Circuit looked to precedent from throughout American history—from the Founding era into the 20th century. *Id.* at 27-28.

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/Equal Opportunity Employer*

Rule 28j letter
March 11, 2024
Page | 2

- On a record much like ours, the First Circuit determined that an LCM restriction "does not burden" the Second Amendment's core right of armed self-defense, "[g]iven the lack of evidence that LCMs are used in self-defense." *Id*. at 13.

- The First Circuit found many historical analogues—including restrictions on gunpowder storage, Bowie knives, and machine guns. *Id*. at 22. In the end, "our nation's historical tradition recognizes the need to protect against the greater dangers posed by some weapons." *Id*. at 22. Among those weapons are "semiautomatic weapons fitted with LCMs," which "much more closely resemble the proscribable 'M-16 rifles and the like' than they do traditional handguns." *Id*. at 20.

- Finally, the First Circuit declared ownership statistics "ancillary" to the constitutional inquiry, explaining: that "[i]t defies reason to say that legislatures can only ban a weapon if they ban it at (or around) the time of its introduction, before its danger becomes manifest." *Id*. at 24-27.

Respectfully yours,

Joshua Perry
Counsel for Defendants-appellees

Word Count: 349
CC: All counsel via ECF