

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

June 13, 2025

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York, 10007

Re: *National Association for Gun Rights v. Lamont,* Docket No. 23-1162
Response to Plaintiffs' Letter of Supplemental Authority Pursuant to F.R.A.P. 28(j)

Dear Catherine O'Hagan Wolfe:

Defendants-Appellees respond to Plaintiffs' letter of supplemental authority pursuant to F.R.A.P. 28(j). Plaintiffs vastly overstate dicta from the United States Supreme Court's recent decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos,* --- S.Ct. ---, 2025 U.S. LEXIS 2199 (U.S. June 5, 2025) and misdirect this Court stating it is "absolutely dispositive on the issue of whether AR–15 rifles and AK–47 rifles are protected by the Second Amendment." Doc. No. 156, Pg. 2. Plaintiffs' assertion is utterly incorrect.

*Smith & Wesson Brands, Inc.* does not address the Second Amendment and has no bearing on this Court's analysis. *See Central Va. Community College v. Katz,* 546 U. S. 356, 363 (2006) (If statement "did not address" the "point now at issue," and issue was "not fully debated," it is "dicta" which the Court is "not bound to follow.") The Court examined whether the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C.S. §§ 7901-7903 barred a suit against firearm manufacturers. The Court considered whether Mexico alleged a predicate exception to the PLCAA by showing defendants "aided and abetted" in "the illegal sale of firearms by dealers," which requires "a gun manufacturer (or seller)… mak[es] a false statement about a gun sale's legality or… mak[es] specified criminal sales." *Id.,* at *7-8 (citation omitted). Mexico argued that because defendants made "design and marketing decisions" intended to stimulate cartels' demand, including for "military-style assault weapons, with an eye toward cultivating the criminal market," they were liable for "illegal gun sales." *Id.* at *12. The Court considered these allegations insufficient partially because such weapons are not "illegal" as required for a predicate exception to the PLCAA, but "are both widely legal and bought by many ordinary consumers." *Id.* at *21.

This has nothing to do with the PLCAA. The question here is whether Connecticut may prohibit assault weapons and large-capacity magazines, in part because they are "dangerous and unusual" weapons unprotected by the Second Amendment. As Defendants already demonstrated,

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/ Equal Opportunity Employer*

Catherine O'Hagan Wolfe
June 13, 2025
P a g e | **2**

Plaintiffs cannot show such weapons are protected by the Second Amendment. Nothing in *Smith & Wesson Brands, Inc.,* changes that.

              Very truly yours,

              *Janelle R. Medeiros*

              Janelle R. Medeiros
              Assistant Attorney General
              James M. Belforti
              Assistant Attorney General